UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

WILLY MICHEL,

    Plaintiff,

vs.

AMERICAN FAMILY INSURANCE,

    Defendant.

Case No. 22-cv-516
Removed from the Circuit Court of
Brown County, Wisconsin, Case No.
2022-cv-364

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, American Family Connect Property and Casualty Insurance Company, improperly named American Family Insurance ("Defendant"), files this Notice of Removal in accordance with 28 U.S.C. §§ 1331, 1441, and 1446 and hereby removes this action from the Circuit Court of Brown County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin. This removal is based upon federal question jurisdiction under 28 U.S.C. § 1331. In support of its Notice of Removal, Defendant states as follows:

**I.    THE STATE COURT ACTION**

1. On March 28, 2022, Plaintiff Willy Michel ("Plaintiff"), representing himself *pro se*, filed this lawsuit in the Circuit Court of Brown County, Wisconsin, titled *Willy Michel v. American Family Insurance*, Case No. 2022-cv-364 (the "State Court Action").

2. On March 30, 2022, Defendant was served with the Summons and Complaint.

3. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit 1** are true and correct copies of "all process, pleadings and orders" that have been served upon Defendant in the State Court Action, which are limited to Plaintiff's Summons and Complaint.

4. Plaintiff's Complaint purports to assert causes of action against Defendant for employment discrimination, harassment, and retaliation.

## II. REMOVAL IS TIMELY

5. Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed "within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief …" 28 U.S.C. § 1446(b); *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999) (holding that the 30-day removal period runs from service of summons and complaint).

6. Defendant was served with the Summons and Complaint on March 30, 2022. 30 days from March 30, 2022 is April 29, 2022. Consequently, this Notice of Removal is timely.

## III. VENUE

7. Because the Circuit Court of Brown County, Wisconsin lies in the Eastern District of Wisconsin, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 130(a), 1391, 1441(a), and 1446(a).

## IV. GROUNDS FOR REMOVAL

8. Removal is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

9. Plaintiff's Complaint alleges he was formerly employed by Defendant and that Defendant subjected him to discrimination and harassment, retaliated against him, and then terminated his employment because of his national origin, color, and for having complained about harassment. Although the Complaint does not specifically reference Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), Plaintiff's claims of discrimination, harassment, and retaliation necessarily implicate conduct prohibited Title VII.

10. Plaintiff's Complaint therefore raises a federal question over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

11. Plaintiff's Complaint also appears to assert state law claims for alleged violations of state law, including possibly for violations of the Wisconsin Fair Employment Act (the "WFEA") (the state law analog of Title VII prohibiting employment discrimination), and a state law tort claim for intentional infliction of emotional distress.

12. This Court has supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367(a), which provides, in relevant part, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

13. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because the claims arise from the same controversy that gave rise to Plaintiff's federal claim and are so related to the federal claim that they form part of the same case or controversy pursuant to Article III of the United States Constitution and arise from a common nucleus of operative facts. Specifically, all of Plaintiff's claims arise from his employment with Defendant and his allegations that Defendant engaged in employment discrimination, harassment, and retaliation. As such, the state law claims are within the Court's supplemental jurisdiction under 28 U.S.C. § 1367, and the entire case may properly be removed to this Court. *See, e.g., Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 430 (7th Cir. 2009).

14. After removal, Defendant intends to bring a motion to dismiss under Fed. R. Civ. P. 12(b) because, among other defects, Plaintiff failed to exhaust administrative remedies as to his federal employment discrimination claims and his tort claim is preempted by the Wisconsin Worker's Compensation Act.

## V. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

15. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Brown County, Wisconsin, and will simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

16. A Civil Cover Sheet is filed concurrently herewith.

## VI. CONCLUSION

17. For the foregoing reasons, removal of this case is proper under 28 U.S.C. §§ 1331, 1441, and 1446.

WHEREFORE, having fulfilled all statutory requirements, Defendant removes the above-captioned matter to this Court from the Circuit Court of Brown County, Wisconsin, and requests the Court to assume full jurisdiction over the matter as provided by law and to permit this action to proceed before it.

Respectfully submitted this 28th day of April, 2022.

            AMERICAN FAMILY CONNECT PROPERTY
            AND CASUALTY INSURANCE COMPANY

            By:   */s/ Jennifer L. Ciralsky*
                   One of Its Attorneys

Jennifer L. Ciralsky (SBN 1068092)
Casey M. Kaiser (SBN 1088881)
LITTLER MENDELSON, P.C.
111 East Kilbourn Avenue, Suite 1000
Milwaukee, WI 53202
Telephone: 414.291.5536
Facsimile: 414.291.5526
jciralsky@littler.com
ckaiser@littler.com

# CERTIFICATE OF SERVICE

I, Jennifer Ciralsky, an attorney, hereby certify that, on April 28, 2022, *Defendant's Notice of Removal* was electronically filed with the Clerk of Court for the Eastern District of Wisconsin using the CM/ECF system and was served via U.S. mail to Plaintiff Willy Michel, addressed as follows:

>  Willy Michel
>  P.O. Box 562
>  Green Bay, WI 54305

>  */s/ Jennifer Ciralsky*
>  Jennifer Ciralsky