UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

WILLY MICHEL,

        Plaintiff,

                                  Case No. 22-cv-00516

vs.

AMERICAN FAMILY INSURANCE,

        Defendant.

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

## INTRODUCTION

Defendant, American Family Connect Property and Casualty Insurance Company, improperly named American Family Insurance ("American Family") submits the following memorandum in support of its motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff, Willy Michel's ("Plaintiff") Complaint appears to assert claims against American Family, his former employer, for discrimination and harassment because of his national origin and color and for retaliation for complaining about harassment. To the extent Plaintiff is alleging claims under Title VII of the Civil Rights Act, those claims must be dismissed because Plaintiff failed to exhaust the administrative prerequisites to filing suit. To the extent Plaintiff is alleging claims arising under Wisconsin law prohibiting employment discrimination, those claims must be dismissed because state law provides no private cause of action for employment discrimination.

Plaintiff also appears to assert a state law tort claim for intentional infliction of emotional distress. However, any state law tort claim for intentional infliction of emotional distress must be dismissed because such claims are preempted by Wisconsin's Worker's Compensation Act.

For the foregoing reasons, and as set forth more fully below, the Court should grant American Family's Motion and dismiss Plaintiff's Complaint.

## RELEVANT FACTUAL BACKGROUND

### I. Facts As Alleged By Plaintiff.

On March 28, 2022, Plaintiff filed his Complaint alleging that he was formerly employed by American Family and that during his employment, "[o]n or around May 2019[,]" American Family subjected him to harassment, retaliated against him, and then terminated his employment because of his national origin, color, and for having complained about harassment. (Compl. ¶¶ 4, 12, 15-18). He further alleges that American Family "[p]urposely and maliciously seek [sic] to inflict the utmost mental anguish toward me" and that because of its alleged actions, he "suffer[ed] an acute emotional distress." (Compl. ¶¶ 11, 15).

## ARGUMENT

### I. Legal Standard.

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *See Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 526 (7th Cir. 1999). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

When determining the sufficiency of a complaint, courts engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). "[N]aked assertions devoid of further factual enhancement" are not sufficient to overcome a Rule 12 motion. *Iqbal*, 556 U.S. at 678 (internal citations omitted). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *McCauley*, 671 F.3d at 616 (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679.

**II.     Plaintiff's Employment Discrimination Claims Must Be Dismissed.**

    **A.     Plaintiff failed to administratively exhaust his federal law employment discrimination claims.**

Prior to filing claims under Title VII of the Civil Rights Act of 1964 ("Title VII") for employment discrimination, harassment, and/or retaliation (collectively, "employment discrimination"), "[a] plaintiff must [first] file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter." *Conner v. Illinois Dept. of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005); *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994); *see* 42 U.S.C. § 2000e-

- 3 -

Case 1:22-cv-00516-WCG   Filed 05/04/22   Page 3 of 6   Document 6

5(e). This rule serves the dual purpose of affording the EEOC the opportunity to carry out its investigatory and conciliatory functions and providing the party accused of discrimination notice of the conduct at issue in the charge. *See Cheek,* 31 F.3d at 500.

Here, Plaintiff does not allege he filed a charge or received a right-to-sue letter from the EEOC before filing the Complaint in this case. As such, Plaintiff failed to properly exhaust the administrative prerequisites to filing suit under Title VII, and therefore, to the extent he is alleging employment discrimination claims under federal law, these claims must be dismissed.

**B. State law provides no private cause of action for employment discrimination.**

To the extent Plaintiff intended to plead state law claims for employment discrimination, those claims also must be dismissed. The Wisconsin Fair Employment Act ("WFEA") prohibits discrimination in employment based on defined protected classes and retaliation for opposing discrimination in the workplace. *See* Wis. Stat. §§ 111.321, 111.322. "The Wisconsin Department of Workforce Development's Equal Rights Division receives, investigates, and holds hearings on complaints charging discrimination in violation of the WFEA." *Sharp v. Stoughton Trailers, LLC*, Case No. 15-cv-598-jdp, 2016 WL 3102241, *2 (W.D. Wis. June 2, 2016) (citing Wis. Stat. § 111.39). It is well-settled that the WFEA does not create a private cause of action. *Chapman v. Yellow CAB Coop.*, Case No. 15-C- 533, 2016 WL 756533, *5 (E.D. Wis. Feb. 24, 2016) (dismissing WFEA claim with prejudice because no private cause of action exists); *Velyov v. Frontier Airlines, Inc.*, No. 14-C-0071, 2014 WL 5312656, *3 (E.D. Wis. Oct. 16, 2014) (granting motion for judgment on the pleadings on plaintiff's WFEA claim because a private cause of action under the WFEA existed only during a limited window, from July 1, 2009 to April 19, 2012, during which the Wisconsin legislature authorized private causes of action for compensatory and punitive damages); *Sharp*, 2016 WL 3102241, at *2 (same). Therefore, under well-settled case law, any

WFEA claims must be dismissed with prejudice because there is no private cause of action available.

### III. Plaintiff's State Law Tort Claim Is Preempted By The Wisconsin Worker's Compensation Act.

Plaintiff is alleging that due to harassment he allegedly experienced during his employment, he suffered "acute emotional distress." (*See* Compl. ¶¶ 15-18). These allegations, in combination with Plaintiff's citation to Wis. Stat. § 893.57 (Compl. ¶ 3), the statute of limitations for intentional torts, suggest Plaintiff is alleging a claim for intentional infliction of emotional distress under state law.

The Wisconsin's Worker's Compensation Act (the "WCA") provides that "the right to recovery of compensation under [the WCA] shall be the exclusive remedy against the employer, any other employee of the same employer and the worker's compensation insurance carrier." Wis. Stat. § 102.03(2). A plaintiff's "common law action is barred by the [WCA] exclusivity provisions if she in all other respects is entitled to recovery under the Act." *Jenson v. Emp'rs Mut. Cas. Co.*, 161 Wis. 2d 253, 263, 468 N.W.2d 1 (1991). Claims are preempted by the WCA when: (1) the employee sustains an injury; (2) at the time of the injury, both the employer and the employee are subject to the provisions of the WCA; (3) at the time of the injury, the employee is performing service growing out of and incidental to his or her employment (i.e., the employee was in the "course of employment"); (4) the injury is not intentionally self-inflicted; and (5) the accident or disease causing injury arises out of the employment. *Weiss v. City of Milwaukee*, 208 Wis. 2d 95, 102, 559 N.W.2d 588 (1997) (citing Wis. Stat. §§ 102.03(1)(a)-(e)).

Courts have consistently concluded that intentional tort claims against employers, like those alleged by Plaintiff for intentional infliction of emotional distress, involve "injuries" as defined by the WCA and are preempted. *Jenson*, 161 Wis. 2d 253, 260-69, 468 N.W.2d 1 (1991)

- 5 -

(holding that an employee's intentional infliction of emotional distress claim was preempted by the WCA); *Love v. Medical College of Wisconsin*, 371 F.Supp.3d 489, 494-95 (E.D. Wis. 2016) (holding that a former employee's claims for defamation and intentional infliction of emotional distress were preempted by the WCA); *Hibben v. Nardone*, 137 F.3d 480, 482 (7th Cir. 1998) (same).

Plaintiff clearly claims that he was an employee of American Family, that he sustained an injury (emotional distress) in the course of his employment, that his injury was not intentionally self-inflicted, and that his injury arose out of his employment. *Weiss*, 208 Wis. 2d at 104-107; (Compl. ¶¶ 15-18). As Wisconsin law considers such claims to be compensable under the WCA and therefore within the scope of WCA responsibility, Plaintiff's tort claim must be dismissed with prejudice as preempted by the WCA.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint should be dismissed.

Respectfully submitted this 4th day of May, 2022.

        AMERICAN FAMILY CONNECT PROPERTY
        AND CASUALTY INSURANCE COMPANY

        By:   */s/ Jennifer L. Ciralsky*
                One of Its Attorneys

Jennifer L. Ciralsky (SBN 1068092)
Casey M. Kaiser (SBN 1088881)
LITTLER MENDELSON, P.C.
111 East Kilbourn Avenue, Suite 1000
Milwaukee, WI 53202
Telephone: 414.291.5539
Facsimile: 414.291.5526
jciralsky@littler.com
ckaiser@littler.com